UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ARCHIE EVANS, #142510, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-602 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| DAN PALMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Gus Harrison Correctional Facility. His complaint arises out of conditions of his confinement in 2014 at Carson City Correctional Facility. Plaintiff named Assistant Food Service Director Dan Palmer and Food Service Director Billie Davis as defendants. Plaintiff alleges that the termination of his work assignment constituted retaliation in violation of his First Amendment rights. He also alleges a civil conspiracy and violation of unspecified state tort law. Plaintiff seeks declaratory relief and damages.

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 15). Although plaintiff filed his response (ECF No. 20) months after the deadline established by W.D. MICH. LCIVR 7.2(c), it is indulgently considered herein. For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted in part and denied in part. I recommend that defendants'

motion be granted in favor of all defendants on plaintiff's purported due process claims based on removal from his work assignment, civil conspiracy claims, and unspecified state tort law claims. I recommend that the motion be granted on plaintiff's First Amendment retaliation claim against Food Service Director Davis. I recommend that defendants' motion be denied in all other respects.

If this report and recommendation is adopted in its entirety, plaintiff's only remaining claim will be his First Amendment retaliation claim against Assistant Food Service Director Palmer.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*,

270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense<br>of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S.

199, 220 (2007); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter,* 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In

*Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures. In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that

-6-

it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint. In 2014, plaintiff was an inmate at the Carson City Correctional Facility (DRF). Plaintiff's work assignment was as a vegan/kosher cook and he was supervised by Aramark employees. Assistant Food Service Director Dan Palmer and Food Service Director Billie Davis are Aramark employees. Aramark is a private corporation which provides food services at Michigan prisons pursuant to a contract with the State of Michigan.[1]   (Compl. at 4, ¶¶ 1-2, ECF No. 1, PageID.4; Conrad Aff. ¶¶ 3-5, ECF No. 15-2, PageID.180).

---

[1] Plaintiff's complaint is verified under penalty of perjury. (Compl. at 8, ECF No. 1, PageID.8). It is considered as an affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Verified" arguments and legal conclusions are not evidence, however. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

On or about November 13, 2014, an unidentified corrections officer informed plaintiff that Assistant Director Palmer and Director Davis had called plaintiff's coworker to the food service area "to falsely state that [plaintiff] was stealing." (Compl. at 4, ECF No. 1, PageID.4).  Six days later, plaintiff told Assistant Director Palmer that his attempt to set plaintiff up or to solicit unfounded accusations violated MDOC policy.  (*Id.* at 5, PageID.5).  Plaintiff "also informed Palmer that if it happened again [he] would grieve him and contact the Ombudsman." (*Id.*).

On December 3, 2014, Assistant Director Palmer gave plaintiff an unfavorable work assignment evaluation.  (ECF No. 1-1, PageID.22).  He recommended that plaintiff be terminated from his work assignment as a vegan/kosher cook.  He described the reasons why plaintiff's work assignment should be terminated as follows:

> Please Terminate Prisoner Evans 142510 on the grounds that Vegan/Kosher room had many unauthorized items.
>
> Found in the room.
>
> Chicken patties, Waffles, 20 pounds of assorted cheeses, 4 pounds of brown sugar which they were not authorized to have that amount, at least 2 cups of unauthorized Grape Juice – ARAMARK does not use or purchase Grape Juice, a large insert of approx 6 #10 cans of ketchup, several spices in the area that are more than the pulls allowed.  Oatmeal cookies for dinner were overportioned 2 3 oz cookies per pack, should have been one.  An unknown substance in a metal bowl.  3 unknown pie-like items that were not part of any menu.  Inspector Young photographed these items of contraband and laid both inmates in.

(*Id.*). On December 15, 2014, plaintiff's work assignment as a kosher/vegan cook was terminated.  (Compl. at 6, ECF No. 1, PageID.6).  On January 19, 2015, the

-8-

classification director upheld the termination of plaintiff's work assignment. (*Id.*).

Plaintiff filed a grievance while the recommendation for the termination of his work assignment was pending. On December 5, 2014, DRF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. DRF-2014-12-02595-17A. (ECF No. 1-1, PageID.14). Plaintiff's grievance is set forth verbatim below:

> Approximately 11-19-14 I tried to explain to Aramack FS employee Palmer that it is against MDOC policy directive to try & force prisoner to snitch or to act upon a prisoner due to another prisoners departmentally unauthorized snitch system.
>
> Since that time, I have been harassed, discriminated against daily, accused of stealing and threatened with loss of job if I write this grievance. Aramack employee Errol & Ms. Quarter says that they are doing what there bosses Palmer & Ms. Davis says. On or around 11/13/14 Aramack supervisor Errol & Ms. Quarter called prisoner Edwards (who works with me in FS as 1st shift vegan cook) back over to Foodservice (see unit log book) to assist them with establishing their <u>feeling</u> that I am stealing juice. I tried to talk with both supervisor concerning this incident. Ms Quarter made it clear that she is trying to get her favored prisoner in my job. Errol says he is doing what Palmer says.

(ECF No. 1-1, PageID.14).

Plaintiff's grievance was denied at Step I. The Step I response indicated that plaintiff had been dismissed from his work detail as a vegan/kosher cook because contraband had been found in the vegan/kosher kitchen. The area was under plaintiff's control and the items found violated the vegan/kosher kitchen rules. (ECF No. 1-1, PageID.15).

Plaintiff pursued an unsuccessful Step II appeal.  The Step II response noted that the contraband items found in the vegan/kosher kitchen "were too plentiful for [plaintiff] not to see them or know that they did not belong there."  (ECF No. 1-1, PageID.18).

Plaintiff pursued an appeal to Step III.  His Step III appeal was denied on November 16, 2015.  (*Id.* at PageID.20).

On May 23, 2016, plaintiff filed this lawsuit.  (ECF No. 1).

## Discussion

### I. Rule 12(b)(6) Portion of Defendants' Motion

Defendants make a number of arguments challenging the adequacy of plaintiff's pleading.  In connection with those arguments, the Court's review is restricted to plaintiff's pleading and the attached exhibits.  *See* FED. R. CIV. P. 10(c), 12(d).

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Under Rule 8(a)(2), a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal

conclusions. *See Twombly*, 550 U.S. at 555. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    A.    <u>State Actor</u>

Defendants argue that plaintiff's claims should be dismissed on the threshold basis because defendants were employees of a private corporation and were not acting under color of state law. (Defendants' Brief at 10-12, ECF No. 15, PageID.165-67). To state a claim under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the federal Constitution or laws, and he must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A private party's actions constitute state action under Section 1983, when his or her actions are "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 478 (6th Cir. 2014). The factual allegations in plaintiff's complaint are sufficient to satisfy the state actor requirement. *See Dotson v. Shelby Cty.*, 13-2766, 2014 WL 3530820, at *13-14 (W.D. Tenn. July 15, 2014) (collecting Aramark cases).

    B.    <u>Qualified Immunity</u>

Defendants' brief includes a claim of entitlement to qualified immunity. (Defendants' Brief at 12-17, ECF No. 15, PageID.167-72). Defendants argue that, although they are private parties, they "may nonetheless assert a defense of qualified

immunity." (*Id.* at 12-13, PageID.167-68) (citing *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 722 (10th Cir. 1988)). It is unclear why defendants chose not to discuss, or even cite, more recent and controlling Supreme Court and Sixth Circuit precedent concerning this issue.

In *Filarsky v. Delia*, 566 U.S. 377, 383 (2012), the Supreme Court held that qualified immunity is not restricted to public employees, and under appropriate circumstances, it can extend to others acting on behalf of the government. In *McCullum v. Tepe*, 693 F.3d 696, 700 (6th Cir. 2012), the Sixth Circuit held that, when a private party seeks qualified immunity from a section 1983 suit, the court is to "determine whether: (1) there was a firmly rooted history of immunity for similarly situated parties at common law; and (2) whether granting immunity would be consistent with the history and purpose of § 1983." 693 F.3d at 700. "Determining whether an employee of a private contractor that is acting under color of state law may herself assert qualified immunity demands a fact-intensive analysis under which some employees may be permitted to assert qualified immunity and some may not." *United Pet Supply, Inc.*, 768 F.3d 464, 479 (6th Cir. 2014) (collecting cases).

Defendants cannot simply ignore their threshold burden of demonstrating that they are private employees entitled to assert qualified immunity. Defendants provide no developed argument addressing the controlling Supreme Court and Sixth Circuit authority. Perfunctory arguments are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012). Moreover, inasmuch as defendants did not carry their

initial burden with regard to qualified immunity, *see Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000), the burden never shifted to the plaintiff.

    C.    <u>Prison Work Assignment</u>

Plaintiff does not have any protected right to a prison work assignment. Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, employment, and educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment*); Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Collier v.Andres*, No. 1:18-cv-80, 2018 WL 718923, at *2 (W.D. Mich. Feb. 6, 2018) ("Plaintiff does not have a constitutional right to, or protected interest in, prison employment.").

Plaintiff's claim regarding termination of his work assignment fares no better when cast as a "civil conspiracy" or violation of unspecified state tort law. (Compl. at 7, ¶ 19, ECF No. 1, PageID.7). Because he had no right to prison employment, plaintiff has failed to allege facts sufficient to state a civil conspiracy claim. *See Sango v. Place,* No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016). Plaintiff's vague allusion to violation of Michigan tort law fails to state a claim upon which relief

-13-

can be granted.

## II.     Summary Judgment Portion of Defendants' Motion

### A     First Amendment

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Id.*

The filing of a prison grievance is generally constitutionally-protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Frivolous grievances, however, are not constitutionally protected. *See Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Plaintiff alleges that his protected conduct was a threat to file a grievance. Defendants note that the law is not "clearly established" that a threat to file a grievance is protected conduct. (Defendants' Brief at 14, ECF No. 15, PageID.169). Defendants failed, however, to present a developed argument that, viewing the facts in the light most favorable to plaintiff, no reasonable trier of fact could find that plaintiff' had engaged in protected conduct by making his threat to file a grievance against Assistant Director Palmer.

-14-

Defendants ignore Sixth Circuit authority finding that loss of a prison work assignment, depending on the circumstances, can be a sufficiently adverse action to support a retaliation claim. *See Siggers-El v. Barlow*, 412 F.3d 693, 699-704 (6th Cir. 2005). As the parties seeking summary judgment, the burden fell on defendants to distinguish *Siggers-El* and explain why, under the circumstances of this case, the action taken was not sufficiently adverse to support a retaliation claim.

The only developed argument defendants present regarding the causation element is Director Davis's lack of personal involvement in removing plaintiff from his work assignment and lack of knowledge of plaintiff's protected conduct.[2] (Defendants' Brief at 16-17, ECF No. 15, PageID.171-72). Plaintiff was required to present evidence on which a reasonable trier of fact could find in his favor on both personal involvement and knowledge of protected conduct. *See O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x. 338, 341 (6th Cir. 2014); *Patterson v. Goward*, 505 F. App'x 424, 425 (6th Cir. 2012). Plaintiff has not presented such evidence. Director Davis is entitled to summary judgment on plaintiff's retaliation claim.

B.   Exhaustion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C.

---

[2] Notably, Assistant Director Palmer did not support his motion for summary judgment with an affidavit stating that he would have taken the same actions regarding the termination of plaintiff's work assignment if plaintiff had not threatened to file a grievance.

§ 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Defendants argue that Grievance No. DRF-2014-12-02595-17A did not properly exhaust plaintiff's retaliation claims because the initial grievance was focused on a purported "snitch system" and it failed to provide "fair notice" to defendants of the claims that plaintiff asserts in this lawsuit stemming from the termination of his work assignment. (Defendants' Brief at 7-10, ECF No. 15, PageID.162-65). Defendants' argument that they lacked fair notice is untenable in light of the Step I and Step II responses to plaintiff's grievance, which focused on substantive reasons for the termination of plaintiff's work assignment as a vegan/kosher cook. (ECF No. 1-1, PageID.15, 18). Plaintiff's grievance gave defendants fair notice of the alleged misconduct forming the basis of plaintiff's claims in this case. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Defendants have not carried their burden on the affirmative defense and they are not entitled to dismissal of plaintiff's claims on the alternative ground of lack of exhaustion of available administrative remedies.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (ECF No. 15) be granted in part and denied in part. I recommend that defendants' motion be granted in favor of all defendants on plaintiff's purported due process claims based on removal from his work assignment, civil conspiracy

claims, and unspecified state tort law claims. I recommend that the motion be granted on plaintiff's First Amendment retaliation claim against Food Service Director Davis. I recommend that defendants' motion be denied in all other respects.

If this report and recommendation is adopted in its entirety, plaintiff's only remaining claim will be his First Amendment retaliation claim against Assistant Food Service Director Palmer.

Dated:   February 21, 2018          /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).