UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE EVANS,

    Plaintiff,

v.                                       Case No. 1:16-CV-602

DAN PALMER, et al.,                      HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION

This is a civil rights action bought by Archie Evans, a state prisoner, under 42 U.S.C. § 1983, against Defendants Dan Palmer and B. Davis. Palmer and Davis filed a motion for summary judgment. (ECF No. 15.) Evans filed an affidavit, presumably in response, nearly six months later. (ECF No. 20.) Magistrate Judge Phillip Green issued a Report and Recommendation (R & R), recommending that the Court deny the motion as to Evans' First Amendment retaliation claim against Palmer, and grant the motion as to all other claims. (ECF No. 22.) Palmer (ECF No. 24) and Evans (ECF No. 25) filed objections and responses to each other's objections. (ECF Nos. 26 & 27.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Palmer made four objections: 1) Evans failed to file a timely response to the motion for summary judgment; 2) the R & R inappropriately considered inadmissible hearsay; 3) Palmer was entitled to qualified immunity; 4) Evans did not establish a prima facie case. (ECF No. 24.) The Court need only address the last two objections.[1]

Palmer is correct in asserting that he is entitled to qualified immunity in his third objection, and that Evans did not establish a viable claim in his fourth objection. The Sixth Circuit "appears not to have determined conclusively whether merely threatening to file a grievance constitutes protected activity." *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009); *see also McKinney v. Rutenbar*, No. 2:14-CV-220, 2016 WL 4144253, at *2 (W.D. Mich. Aug. 4, 2016). Defendants correctly cited *Pasley* and other cases in their brief to show that the threat to file a grievance is not established protected conduct under *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Accordingly, Evans failed to allege a viable retaliation claim. Evans also failed to show that Palmer had personal knowledge of Evans' grievance. *See O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014). Palmer is entitled to qualified immunity because Evans did not allege a viable constitutional violation. Evans' response rehashes his earlier arguments against summary judgment and does not address qualified immunity in particular. (ECF No. 27.) Accordingly, the Court will sustain Palmer's third and fourth objections and grant his motion for summary judgment.

---

[1] The first objection is without merit because the R & R did not rely upon Evans' untimely affidavit/response in reaching its legal conclusions. The second objection is without merit because the statements are not hearsay. The statements were used to show the effect on the listener, not for the truth of the matter asserted.

Evans failed to object to specific portions of the R & R as required by Federal Rule of Civil Procedure 72(b) and Local Rule 72.3(b). Evans broadly recounts legal standards from other cases but does not apply them directly and specifically to his case and against the R & R. He asserts that he "seeks vindication of the core concern of the due process clause, namely, process that is due," and that "once a prisoner is assigned a prison job the doors of the United States Constitution are cracked open enough for a liberty interest and due process." (ECF No. 25 at PageID.318–19.) Issues addressed in a "perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999) (internal quotation marks and citation omitted). Even viewing Evans' objections liberally, the law he cites does not distinguish or overcome the law the R & R used. Accordingly, the Court will overrule Evans' objections.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 22) is **APPROVED AND ADOPTED in part** and **REJECTED in part** in accordance with this Order, and Defendants' Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Palmer's Objections (ECF No. 24) are **SUSTAINED** as to his qualified immunity and prima facie case arguments, and Plaintiff's Objections (ECF No. 25) are **OVERRULED**.

The case is **concluded**.

A separate judgment will issue.

Dated: April 2, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE